### ABRAMS v. TURKEL et al.

(Supreme Court, Appellate Term.   January 15, 1909.)

BROKERS (§ 8*)—ACTIONS FOR COMPENSATION—EVIDENCE—SUFFICIENCY.

In an action for broker's commissions for procuring a purchaser of merchandise, testimony of a witness that he was employed by a certain firm as buyer and that he agreed to purchase the merchandise was insufficient to entitle plaintiff to a recovery, where there was no other evidence as to the authority of the witness to act in the matter, or that his employment as buyer conferred upon him generally authority to buy.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abraham Abrams against Samuel Turkel and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Emanuel Tepper, for appellants.
Jacobs & Livingston, for respondent.

GUY, J.   This is an action upon oral pleadings to recover broker's commissions for procuring a purchaser for merchandise owned by defendants. Plaintiff claims to have produced a purchaser ready, able, and willing to purchase defendants' property on terms fixed by defendants; the purchaser in question being the firm of A. D. Matthews & Sons. In support of this contention plaintiff called as a witness one Moore, who testified that he, at the time in question, was in the employ of the firm of Matthews & Sons as "buyer," and that he agreed to purchase the merchandise. There was no other evidence as to the authority of Moore to act in the matter, or that his employment as "buyer" conferred upon him general authority to buy, which would cover the subject-matter of this controversy. In the absence of such proof, it cannot be said that plaintiff made out a cause of action.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.   All concur.